IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

D.E.,[1]

                                    Plaintiff,

v.

FRANK BISIGNANO,[2]
Commissioner of the Social Security
Administration,

                                    Defendant.

Case No. 25-2035-DDC

MEMORANDUM AND ORDER

Defendant, the Commissioner of the Social Security Administration, denied plaintiff

D.E.'s claim for disability-insurance benefits.  Plaintiff seeks review of that decision.  The court

affirms.

I.      Standard of Review

Title 42 of the United States Code grants federal courts authority to conduct judicial

review of final decisions by the Commissioner and "enter, upon the pleadings and transcript of

the record, a judgment affirming, modifying, or reversing the decision . . . with or without

remanding the cause for a rehearing."  42 U.S.C. § 405(g).  Judicial review of the

Commissioner's denial of benefits is limited to these questions:  Whether substantial evidence in

---

[1]     As part of the court's efforts to preserve the privacy interests of Social Security claimants, it has decided to caption its orders using only plaintiff's initials.

[2]     Frank Bisignano was confirmed as Commissioner of the Social Security Administration earlier this year.  The court thus substitutes Mr. Bisignano as the defendant here under Fed. R. Civ. P. 25(d). Under the last sentence of 42 U.S.C. § 405(g), neither the parties nor the court needs to take further action to complete this process.

the record supports the agency's factual findings and whether the Commissioner applied the correct legal standards. *Noreja v. Comm'r, SSA*, 952 F.3d 1172, 1177 (10th Cir. 2020); *see also Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014) (identifying same two questions on review); 42 U.S.C. § 405(g).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" but it must be "more than a mere scintilla[.]" *Noreja*, 952 F.3d at 1178 (citation and internal quotation marks omitted). While courts "consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases," they neither reweigh the evidence nor substitute their judgment for the Commissioner's. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation and internal quotation marks omitted). But they also don't accept "the findings of the Commissioner" mechanically or affirm those findings "by isolating facts and labeling them substantial evidence, as the court[s] must scrutinize the entire record in determining whether the Commissioner's conclusions are rational." *Alfrey v. Astrue*, 904 F. Supp. 2d 1165, 1167 (D. Kan. 2012) (citation omitted). When courts decide whether substantial evidence supports the Commissioner's decision, they "examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision[.]" *Id.* (citation omitted). "'Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion.'" *Noreja*, 952 F.3d at 1178 (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261–62 (10th Cir. 2005)).

Failing "to apply the proper legal standard may be sufficient grounds for reversal independent of the substantial evidence analysis." *Brown ex rel. Brown v. Comm'r of Soc. Sec.*, 311 F. Supp. 2d 1151, 1155 (D. Kan. 2004) (citing *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th

2

Cir. 1994)).  But such a failure justifies reversal only in "'appropriate circumstances'"—in other words, applying an improper legal standard does not require reversal in all cases.  *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (quoting *Glass*, 43 F.3d at 1395).  Some errors are harmless and require no remand or further consideration.  *See, e.g.*, *Mays*, 739 F.3d at 578–79 (explaining ALJ's failure to weigh medical opinion harmless error if no inconsistency between opinion and ALJ's residual functional capacity finding); *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161–63 (10th Cir. 2012) (finding ALJ's failure to weigh medical opinions properly and expressly was harmless error when "further analysis or weighing" couldn't "advance [plaintiff's] claim of disability"); *Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004) (holding ALJ's lack of analysis for residual functional capacity determination "troubling" but nonetheless deciding it comports with record evidence).

## II.        Disability Determination

Claimants seeking Disability Insurance Benefits bear the burden to show their disability. *Wall v. Astrue*, 561 F.3d 1048, 1062 (10th Cir. 2009) (citation omitted).  In general, the Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A).

The Commissioner applies "a five-step sequential evaluation process to determine disability."  *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003) (discussing 20 C.F.R. § 404.1520, which governs claims for disability insurance benefits).  As summarized by the Tenth Circuit, the familiar five-step process proceeds in this fashion:

> Step one requires the agency to determine whether a claimant is presently engaged in substantial gainful activity.  If not, the agency proceeds to consider, at step two, whether a claimant has a medically severe impairment or impairments. . . . At step

3

three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition listed in the appendix of the relevant disability regulation. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent [the claimant] from performing [the claimant's] past relevant work. Even if a claimant is so impaired, the agency considers, at step five, whether [the claimant] possesses the sufficient residual functional capability [RFC] to perform other work in the national economy.

*Wall*, 561 F.3d at 1052 (citations and internal quotation marks omitted); *accord* 20 C.F.R. § 404.1520(a)(4). The claimant must bear the "burden of proof on the first four steps," but the burden shifts to the Commissioner at step five. *Smith v. Barnhart*, 61 F. App'x 647, 648 (10th Cir. 2003). The Commissioner must "show that claimant retained the RFC to 'perform an alternative work activity and that this specific type of job exists in the national economy.'" *Id.* (quoting *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)). This analysis terminates if the Commissioner determines at any point that the claimant is or is not disabled. *Casias v. Sec'y of Health & Hum. Servs.*, 933 F.2d 799, 801 (10th Cir. 1991) ("If it is determined that a claimant is or is not disabled at any point in the analysis, the review stops.").

## III.    Background

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since December 11, 2020. Doc. 6 at 26 (Tr. 21). At step two, the ALJ found plaintiff to have the following severe impairments: degenerative disc disease and scoliosis; obstructive pulmonary disease (COPD); carpal tunnel syndrome; and headaches. *Id.* At step three, the ALJ determined that plaintiff doesn't have an impairment equivalent to a listed condition. *Id.* at 29 (Tr. 24). The ALJ then defined plaintiff's residual functional capacity (RFC). *Id.* at 30 (Tr. 25). The ALJ found that plaintiff can perform light work. *Id.*

At step four, the ALJ concluded that plaintiff could perform her past relevant work as a gate guard and telephone solicitor. *Id.* at 35 (Tr. 30). The ALJ found that these prior jobs didn't

involve activities precluded by plaintiff's RFC.  *Id.*  This step-four conclusion is the sole focus of plaintiff's challenge.

**IV.       Analysis**

Plaintiff argues that the ALJ erred because her prior jobs—as a gate guard and a telephone solicitor—don't qualify as past relevant work.  Doc. 7 at 4.  Work experience qualifies as past relevant work if:  (1) plaintiff performed the work within the last 15 years; (2) the work lasted long enough for plaintiff to learn to do it; and (3) plaintiff earned enough for the job to qualify as substantial gainful activity.  20 C.F.R. § 404.1565(a) (effective 2012 to 2024); *see also* 20 C.F.R. § 404.1560(b)(1)(i) (effective 2012 to 2024).  To decide this question here, the court need only consider the gate-guard job.

Plaintiff argues that she didn't earn enough as a gate guard for the job to qualify as substantial gainful activity.  Doc. 7 at 5.  According to plaintiff, she worked this job from July 2019 to October 2019.  Doc. 6 at 312 (Tr. 307).  And she earned $4064.17 at this job.  *Id.* at 281 (Tr. 276).  Plaintiff averages those wages out to $1,016.04 per month.  That amount is lower than the $1,220 per month required to qualify as substantial gainful activity in 2019.  *See* Social Security Administration, Program Operations Manual System DI 10501.015, https://secure.ssa.gov/apps10/poms.nsf/lnx/0410501015 (last visited Mar. 25, 2026).  Plaintiff thus asserts that the ALJ erred when considering the gate-guard job past relevant work.

Defendant takes issue with plaintiff's factual premise—specifically, the denominator plaintiff used when calculating her average monthly pay.  Defendant asserts that plaintiff worked as a gate guard from July 24, 2019, to October 8, 2019.  Doc. 10 at 8 (citing Doc. 6 at 289 (Tr. 284)).  That's 77 days, or 2.5 months.  And $4,064.17 divided by 2.5 months comes out to $1,625.67 per month.  So, plaintiff made enough as a gate guard for the job to qualify as substantial gainful activity.  Substantial evidence thus supports the ALJ's conclusion.

Plaintiff didn't file a reply disputing defendant's math.  And, given that this analysis affects step four, it's plaintiff burden to prove that she can't perform her past relevant work. *Smith v. Barnhart*, 61 F. App'x at 648.  The court concludes substantial evidence shows that plaintiff's gate-guard job qualifies as past relevant work, and thus the ALJ didn't err in relying on this job as past relevant work.  So, the court affirms.[3]

**IT IS THEREFORE ORDERED BY THE COURT THAT** Judgment shall be entered under the fourth sentence of 42 U.S.C. § 405(g) affirming defendant's final decision.

**IT IS SO ORDERED.**

**Dated this 26th day of March, 2026, at Kansas City, Kansas.**

          **s/ Daniel D. Crabtree**
          **Daniel D. Crabtree**
          **United States District Judge**

---

[3] Because the court concludes that the ALJ's step-four analysis properly considered plaintiff's gate-guard job past relevant work, the court needn't reach plaintiff's argument about the telephone solicitor job.  Even if the ALJ erred in considering the telephone-solicitor job past relevant work, that error was harmless because the ALJ could rely on plaintiff's gate-guard job.